**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA                                    RESPONDENT

VERSUS                                    CRIMINAL NO. 1:02cr93-BrG
                                          CIVIL ACTION NO. 1:06cv1091-DCB

JESSE M. SKINNER                                            PETITIONER

## ORDER

These matters come before the Court on Jesse Skinner's ("Skinner") Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 [docket entry no. 153], Renewed Motion for Discovery [docket entry no. 162], Motion for Leave to Conduct Discovery [docket entry no. 168], and Motion to Quash Indictment [docket entry no. 177]. Also before the Court is the petitioner's Motion to Vacate Convictions and/or Sentences [docket entry no. 170]. Having reviewed the Motions, applicable statutory and case law, and being otherwise fully advised as to the premises, the Court finds as follows:

### BACKGROUND AND PROCEDURAL HISTORY

The instant case arises out of Skinner's criminal convictions of multiple drug and assault charges. On July 2, 2002, on property located at 15376 Big John Road in Biloxi, Mississippi, law enforcement officials discovered methamphetamine precursors in a trash can that had been placed on the roadside for trash collection. Acting on this discovery, the Mississippi Bureau of Narcotics (MBN) secured a search warrant to search the property.

Agents from the Drug Enforcement Administration (DEA), Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), the Biloxi Police Department, and MBN all participated in execution of the search warrant.

During execution of the search warrant, agents attempted to gain entry into a 20-21 foot camper trailer located on the property. While the agents were prying the door of the trailer to gain access inside, a shotgun trap set near the camper discharged, wounding two of the officers, Agents Craig Shows and John Bordages.

When agents finished executing the search warrant the following day, several types of drugs were seized including LSD, marijuana and methamphetamine. Materials suspected to be used in the manufacture of methamphetamine and other drug paraphernalia were also found.

On June 9, 2003, a jury convicted Skinner of the following crimes:

- Count 1s[1]: 21 U.S.C. § 841(a)(1) (Possession with Intent to Distribute 100 Doses of Ecstasy);
- Count 2s: 21 U.S.C. § 841(c)(2) (Possession of Pseudoephedrine for Manufacture of Controlled Substance);
- Count 4s: 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 (Conspiracy to Manufacture in Excess of 50 Grams of Methamphetamine);
- Count 5s: 21 U.S.C. § 841(a)(1) (Possession with Intent to Distribute More than One Gram of LSD);
- Count 7s: 18 U.S.C. § 111(a)(1) and 18 U.S.C. § 111(b) (Assault on a Law Enforcement Officer);

---

[1] The "s" indicates that a superseding indictment was filed in this case.

- <u>Count 8s</u>: 18 U.S.C. § 111(a)(1) (Assault on a Law Enforcement Officer);
- <u>Count 9s</u>: 26 U.S.C. § 5841 (Receiving and Possessing an Unregistered Destructive Device);
- <u>Count 11s</u>: 18 U.S.C. § 922(a)(6) (Making False Statements to a Licensed Firearms Dealer); and
- <u>Count 12s</u>: 21 U.S.C. § 952(a) and 21 U.S.C. § 960(a)(1) (Conspiracy to Import Ecstasy and LSD).

The government dismissed Counts 3s, 6s and 10s of the indictment. Skinner was sentenced to a total of 540 months imprisonment.

Following entry of the Court's final judgment, Skinner appealed his case to the Fifth Circuit Court of Appeals. On direct appeal, Skinner raised two main points of error. First, he argued that this Court erred in denying a motion to suppress certain evidence obtained through execution of an allegedly illegal search warrant. Second, Skinner argued for a reversal of his sentence in light of the United States Supreme Court decision in <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

The appellate court rejected both of Skinner's arguments. As to the alleged illegality of the search warrant, the Fifth Circuit Court of Appeals affirmed this Court's denial of the petitioner's motion to suppress, concluding that the good faith exception applied. Further, the court declined to reverse Skinner's sentence under <u>United States v. Booker</u> because he failed to demonstrate "that he would have received a different sentence had he been sentenced under the <u>Booker</u> advisory Guidelines regime rather than the pre-<u>Booker</u> mandatory regime." <u>United States v. Skinner</u>, 2005 WL 1287056 (5th Cir. June 1, 2005) (citing <u>United States v. Mares</u>,

402 F.3d 511, 522 (5th Cir. 2005)).

On October 27, 2006, Skinner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Since then, Skinner has also filed various other motions in the case. These motions will be considered severally herein.

**ANALYSIS**

*A. Ineffective Assistance of Counsel*

In his Section 2255 motion, Skinner raises, for the first time, the following claims of ineffective assistance of counsel:[2]

1. Trial counsel's failure to obtain the medical records of Agents Bordages and Shows.

2. Trial counsel's failure to move for dismissal of the indictment based on the fact that there was no evidence it had been returned "in open court".

3. Trial counsel's failure to present evidence that Agents Bordages and Shows were not struck by any shotgun pellets fired by Skinner's shotgun trap.

4. Trial counsel's failure to call an expert witness to counter the government's testimony as to the methamphetamine conversion rate.

5. Sentencing counsel's failure to move for a downward departure at sentencing pursuant to United States Sentencing Guideline § 5K2.0.

6. Trial counsel's failure to properly argue for the suppression of evidence at trial.

7. Sentencing counsel's failure to object to false and unreliable evidence used to determine the

---

[2]    The Court nevertheless may consider these claims because they satisfy the cause and actual prejudice standard. United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992) (quoting Murray v. Carrier, 477 U.S. 478 (1986)).

4

> sentencing range and ultimate sentence.

8.    Appellate counsel's failure to present the strongest issues on direct appeal.

9.    Trial counsel's handling of Skinner's case despite an actual conflict of interest.

10.   The cumulative impact of all alleged instances of ineffective assistance prejudiced Skinner.

The Court considers severally each of these allegations of ineffective assistance of counsel.

As to these numerous ineffective assistance of counsel claims, the two-prong test articulated by the United States Supreme Court in <u>United States v. Strickland</u>, 466 U.S. 688 (1984), applies. In order to prove ineffective assistance of counsel, the movant must show "(1) that his counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced his defense." <u>United States v. Culverhouse</u>, 507 F.3d 888, 895 (5th Cir. 2007) (citing <u>Strickland</u>, 466 U.S. at 687). "If the Court finds that one of the <u>Strickland</u> requirements is not satisfied, it need not consider the other." <u>United States v. Assi</u>, 2008 WL 346079 (S.D. Miss. Feb. 6, 2008) (unpublished) (citing <u>Buxton v. Lynaugh</u>, 879 F.2d 140, 142 (5th Cir. 1989)). As to the prejudice prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Williams v. Taylor</u>, 529 U.S. 362, 390-91 (2000). "Judicial scrutiny of counsel's performance must be 'highly

deferential'." <u>United States v. Webster</u>, 392 F.3d 787, 793 (5th
Cir. 2004) (quoting <u>Strickland</u>, 466 U.S. at 689). "There is a
'strong presumption that counsel's conduct falls within the wide
range of reasonable professional assistance.'" <u>Id</u>. With this
standard in mind, the Court now considers each of Skinner's claims
of ineffective assistance.

1. Trial Counsel's Failure to Obtain the Medical Records of Agents
Bordages and Shows.

Skinner's first claim of ineffective assistance of counsel is
based on his trial attorney's failure to obtain the medical records
of Agents Bordages and Shows, the agents who were injured during
the execution of the search warrant on Skinner's property.
Specifically, Skinner claims that the medical records were
essential to his defense for three reasons. First, the petitioner
contends that the medical records sought were material to his
defense because they prove that the agents could not possibly have
been injured by the shotgun trap Skinner set. Second, Skinner
asserts that such evidence would have allowed him to impeach the
testimony of Agents Shows and Bordages at trial. Third, Skinner
argues that the Court would not have enhanced his sentence for
actual injury to a law enforcement officer had he had the medical
records to prove that his trap was not the source of the officers'
injuries.

The Court begins by noting an obvious inconsistency in
Skinner's arguments. On one hand, Skinner claims that his counsel

was ineffective for failing to obtain the medical records for use at trial. On the other hand, Skinner claims that the government committed misconduct for failing to comply with multiple discovery requests by his trial counsel. Either trial counsel did not request the records or the government ignored those discovery requests. Since Skinner's own brief references multiple attempts by his attorney to obtain Agents Shows' and Bordages' medical records, the Court will look at whether these requests satisfy the Strickland standard for effective assistance.

As mentioned above, in order to prove ineffective assistance, Skinner must show that his counsel's actions were objectively unreasonable and that he was actually prejudiced. Culverhouse, 507 F.3d at 895. "A defendant is prejudiced if there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different." Jones v. Cain, 227 F.3d 228, 230 (5th Cir. 2000) (citing Strickland, 466 U.S. at 694). To determine whether there is a reasonable probability that the outcome would have been different, the Court "must examine the proceedings as a whole, giving due consideration to the weight of the evidence supporting the verdict and evaluating the alleged failings of counsel in that total setting." Id. (citing Moore v. Johnson, 194 F.3d 586 (5th Cir. 1999)).

Assuming that Skinner's trial counsel did not act reasonably in making his requests for the medical records, which assumption is

7

not supported even by the defendant's own brief, Skinner has failed

to show actual prejudice.[3]   Skinner was charged and convicted

pursuant to 18 U.S.C. § 111(a)(1) and § 111(b) which read:

> (a) In general.--Whoever--
>
>> (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties[,] shall, where the acts in violation of this section constitutes only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.
>
> (b) Enhanced penalty.--Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 111.

The Fifth Circuit Court of Appeals "has interpreted 18 U.S.C.

§ 111 to create three separate offenses: '(1) simple assault; (2)

more serious assaults but not involving a dangerous weapon; and (3)

assault with a dangerous weapon.'" United States v. Williams, 520

F.3d 414, 420 (5th Cir. 2008) (citations omitted).   The Fifth

---

[3] "A court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000) (per curiam).

Circuit has further defined each of these three categories. Simple assault is "'an attempted battery' or the 'placing of another in reasonable apprehension of a battery.'" United States v. Hazlewood, 526 F.3d 862, 865 (5th Cir. 2008)(quoting United States v. Ramirez, 233 F.3d 318 (5th Cir. 2000)). The second category includes "those assaults which do involve physical contact but do not result in bodily injury or involve a deadly weapon." Id. (citing Ramirez, 233 F.3d at 322). Lastly, the third category-- the one applicable in the instant case--"includes those [assaults] that involve either the use of a deadly weapon or the infliction of bodily injury." Id. (emphasis added).

To reiterate, Skinner alleges that his attorney provided ineffective assistance because he failed to obtain Agents Shows' and Bordages' medical records and neglected to argue that those records would show that Skinner's shotgun trap had not actually wounded the officers. Such an argument, however, would have been immaterial. Skinner has not provided any evidence that he did not set the shotgun trap. Neither has he claimed that the shotgun did not discharge in the direction of Agents Shows, Bordages, and others. Under these facts alone, the requirements of 18 U.S.C. § 111(a)(1) and (b) are satisfied. The jury made this same determination in convicting Skinner for assault on a law enforcement officer. Accordingly, Skinner has not shown any prejudice from the absence of the medical records and his

ineffective assistance claim as to this issue must fail.

As to his argument that he was prejudiced because the medical records would have impeached the testimony of Agents Shows and Bordages to the point that the jury would not have returned a guilty verdict on any of the charges, Skinner has failed to meet his burden of proof. "Mere allegations of prejudice are insufficient; [the] movant must affirmatively prove, by a preponderance of the evidence, that he was prejudiced as a result of counsel's deficient performance." Altschul v. United States, 2008 WL 728187 (E.D. Tex. 2008) (citing Armstead v. Scott, 37 F.3d 202, 206 (5th Cir. 1994), cert. denied, 514 U.S. 1071 (1995)). Skinner has not offered anything more than mere allegations that the jury's verdict would have been different had the medical records cast doubt on the agents' credibility.

Skinner's third argument regarding the medical records issue relates to his sentence. The Court at sentencing applied a three-level enhancement pursuant to United States Sentencing Guideline § 3A1.2(b) for creation of risk of injury to a law enforcement officer. At the sentencing hearing, Skinner acknowledged the applicability of the three-level enhancement. (Sentencing Transcript at 1934.) He objects now, however, to the enhancement, arguing that the Court would not have enhanced his sentence had the medical records proven that his shotgun trap was not the source of the officers' injuries. As discussed above, Skinner does not

contest the fact that he set the shotgun trap or that the officers were placed in reasonable apprehension of imminent battery as a result of the discharge of that trap. Therefore, whether the officers were actually injured by the trap is irrelevant, and Skinner can show no prejudice as required to satisfy the Strickland standard for ineffective assistance of counsel.

Skinner also claims that his counsel acted ineffectively at the appellate level by failing to raise the medical records issue before the Fifth Circuit. A criminal defendant has a right to effective assistance of counsel on his first appeal. Evitts. v. Lucey, 469 U.S. 387 (1985). "In reviewing a claim alleging ineffective assistance of appellate counsel, we again apply the traditional Strickland standard." Blanton v. Quarterman, 2008 WL 4277387 (5th Cir. 2008). As is true with trial counsel, Skinner cannot show that he was prejudiced by his appellate counsel's failure to raise the medical records issue. No prejudice exists because actual injury to the officers by Skinner's shotgun trap is irrelevant to his conviction for assault with a deadly weapon. This argument is not well-taken.

2. Trial counsel's failure to move for dismissal of the indictment based on the fact that there was no evidence it had been returned "in open court".

Skinner next argues that his trial counsel provided ineffective assistance for failing to move for dismissal of the indictment on the basis that there is no evidence the indictment

11

was returned "in open court". The Court acknowledges that, pursuant to Federal Rule of Criminal Procedure 6(f), "[t]he grand jury--or its foreperson or deputy foreperson--must return the indictment to a magistrate judge in open court." However, the Court concludes that Skinner has failed to meet his burden of proof as to this claim. In this proceeding, Skinner has the burden of proving that his counsel's performance was ineffective. United States v. Guerra, 628 F.2d 410, 413 (5th Cir. 1980) (citing Coon v. United States, 441 F.2d 279 (5th Cir. 1971), cert. denied, 404 U.S. 860 (1971)). Here, Skinner has not presented any factual information to support his claim that the indictment was not returned in conformance with the rules. As such, Skinner's claim as to this issue must fail. Accord Kalani v. United States, 2002 WL 31453094 (S.D.N.Y. Oct. 31, 2002) (citing Triana v. United States, 205 F.3d 36, 40 (2d Cir.), cert. denied, 531 U.S. 956 (2000)).

3. Trial counsel's failure to present evidence that Agents Bordages and Shows were not struck by any shotgun pellets fired by Skinner's shotgun trap.

This claim of ineffective assistance of counsel essentially is identical to the first claim--that counsel acted ineffectively by not obtaining Agents Shows' and Bordages' medical records and using them as part of Skinner's defense. Since the Court has determined that the medical records are immaterial to the crimes of which Skinner was convicted--assault with a deadly weapon--his

ineffective assistance claim as to this issue fails.

4. Trial counsel's failure to call an expert witness to counter the government's testimony as to the methamphetamine conversion rate.

Skinner's fourth claim of ineffective assistance of counsel is that counsel acted wrongly by not putting on an expert witness "to counter the government testimony as to the conversion rate in manufacturing methamphetamine." (Mot. to Vacate Sentence ¶ 161.) Specifically, Skinner claims that his prior counsel's failure to call an expert witness left the government's witness's testimony unrebutted.

Under count 4 of the indictment, Skinner was convicted of conspiring to manufacture more than 50 grams of methamphetamine. At trial, in support of this charge, the Government introduced the testimony of Dain Werner, an associate of Skinner's and a self-admitted former drug user. Werner testified as to the conversion rate for pseudoephedrine to methamphetamine. Specifically, Werner testified that the pseudoephedrine that Werner possessed on September 9, 2001, would convert into a minimum of 42 grams of methamphetamine. In addition to Werner's testimony, the government produced physical evidence of methamphetamine production obtained from Skinner's residence as well as fact witnesses who testified that Skinner had been involved with methamphetamine manufacture over an extended period of time. Skinner argues that, had his former counsel put on expert testimony to rebut this conversion

amount, the jury likely would not have convicted him as to this count or would have convicted him of conspiring to manufacture less than 50 grams of methamphetamine.

Again applying the two-prong test of <u>Strickland</u>, the Court concludes that Skinner has not shown that his counsel's actions were objectively unreasonable or that he was actually prejudiced. <u>Culverhouse</u>, 507 F.3d at 895. First, it was not objectively unreasonable for Skinner's trial counsel to decide against putting on an expert witness to contradict the testimony of Dain Werner, whose testimony was but one piece of a body of evidence supporting the conspiracy conviction. Second, even assuming that Skinner's former counsel's actions were unreasonable, Skinner has failed to show actual prejudice. Again, in order to show actual prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different." <u>Jones v. Cain</u>, 227 F.3d 228, 230 (5th Cir. 2000) (citing <u>Strickland</u>, 466 U.S. at 694). Here, Skinner has not shown a reasonable probability that, without Werner's testimony or with Werner's testimony challenged by an expert, the jury either would not have convicted him as to this count or would have convicted him of conspiracy to manufacture less than 50 grams of methamphetamine. <u>See Evans v. Cockrell</u>, 285 F.3d 370, 377 (5th Cir. 2002) ("[U]nsupported claims regarding the uncalled expert witnesses are speculative and disfavored by this

Court as grounds for demonstrating ineffective assistance of counsel."). For these reasons, this argument must fail.

5. Sentencing counsel's failure to move for a downward departure at sentencing pursuant to United States Sentencing Guideline § 5K2.0.

Skinner argues that trial counsel should have moved for a downward departure at sentencing pursuant to U.S.S.G. § 5K2.0 based on the government's alleged violation of the Court's discovery order. Skinner's motion does not identify specifically which actions by the government form the basis for this claim, but a review of Skinner's brief suggests that he is referring to the government's alleged failure to turn over Agents Bordages' and Shows' medical records. Skinner claims that he was substantially prejudiced as follows:

> [A]bsent said omissions, there is a reasonable probability that the outcome of [Skinner's] sentencing process would have been different. More specifically ... there is a reasonable probability that the Court would have made a substantial downward departure in Mr. Skinner' [sic] sentence due to outrageous conduct by the government during the pretrial and trial proceedings.

Skinner's § 2255 Motion ¶176.

The two-prong <u>Strickland</u> test applies when a defendant claims that his counsel was ineffective during the punishment phase of a non-capital case. <u>Spriggs v. Collins</u>, 993 F.2d 85, 88 (5th Cir. 1993) (citations omitted). The standard the Court must apply is "whether there is a reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have

15

been <u>significantly</u> less harsh." <u>Id</u>. (emphasis in original). The factors the Court must consider are: (1) "the actual amount of the sentence imposed on the defendant by the sentencing judge or jury"; (2) "the minimum and maximum sentences possible under the relevant statute or sentencing guidelines"; (3) "the relative placement of the sentence actually imposed within that range"; and (4) "the various relevant mitigating and aggravating factors that were considered by the sentencer." <u>Id</u>. at 88-89.

The Court now considers Skinner's claim in light of these factors. Skinner was sentenced to a total of 540 months imprisonment. This sentence was developed using the following calculations:

(1) Based on the charges for which he was convicted, a total base offense level of 32 applied.

(2) A 2-level enhancement was applied for use of a dangerous weapon during the offense.

(3) A 3-level enhancement was applied because the petitioner created a substantial risk of bodily injury to a law enforcement officer.

(4) A 2-level enhancement was applied because the petitioner obstructed justice by threatening one of the government's cooperating witnesses.

(4) An additional 4-level enhancement applied because Skinner held an organizational and leadership role in criminal activity

that involved five or more participants.

(5) This resulted in a total offense level of 43. When considered with Skinner's criminal history category of III, the guideline sentence was life imprisonment. However, the Court realized that, pursuant to U.S.S.G. § 5G1.1(a), where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence. (Transcript of Sentencing Hearing at p. 1973.)

(6) The statutory maximum sentences for each of Skinner's counts were as follow: (1) As to Counts 1, 2, and 12, a statutory maximum of not more than 20 years for each count applied; (2) As to Counts 4 and 5, a statutory range of not less than 5 years and not more than 40 years applied to each count; (3) As to Counts 7, 8, 9, and 11, a statutory range of not more than 10 years applied to each count.

(7) Accordingly, the Court sentenced Skinner to 240 months as to each of Counts 1, 2, and 12; to 480 months as to each of Counts 4 and 5; and to 120 months as to counts 9 and 11, all to be served concurrently. Additionally, the Court sentenced Skinner to 60 months as to each of Counts 7 and 8, these terms to run concurrently with each other and consecutively with the other terms of imprisonment imposed in Counts 1, 2, 4, 5, 9, 11, and 12.

The petitioner's sentence for each count, with the exception

of Counts 7 and 8, was the statutory maximum. Skinner now argues that, had his counsel appropriately requested a downward departure based on the government's outrageous conduct during discovery, he likely would have received a significantly lower sentence.

The sentencing transcript in this case does not show that there was a "reasonable probability" that Skinner's sentence would have been "significantly less harsh" had his trial counsel acted differently. <u>Spriggs</u>, 993 F.2d at 88. Instead, the Court is of the opinion that the sentencing transcript suggests that the Court would have denied any request by Skinner for downward departure based on the government's alleged discovery misconduct. First, the Court set the defendant's sentence for each count at the statutory maximum. Second, even if the Court had granted Skinner a two- or three-level downward departure, his base offense level would still have been 40 or 41 with a criminal history category of III and his new Sentencing Guideline Range would have been 360 months-life. Given the Court's attention to the gravity of Skinner's offenses, there is nothing in the hearing transcript to suggest that the Court would have given Skinner a sentence lower than the 540 months he received. Finally, the Court notes the fact that it declined to apply a downward departure based on Skinner's abusive childhood. (See Sentencing Transcript at 1963-66.) Although acknowledging the letters of recommendation submitted by Skinner's friends and family, the Court nevertheless declined to apply the downward

18

departure. In particular, the Court looked at the serious impact that drug-related crimes such as those committed by Skinner have on victims. Further, the Court noted the possibility that Congress considered these victims when fashioning such tough punishment. Considering these circumstances in their totality, the Court concludes that Skinner has not shown a reasonable probability that his sentence would have been significantly lower had his trial counsel moved for downward departure based on the government's alleged discovery misconduct. For these reasons, this portion of Skinner's motion is denied.

6. Trial counsel's failure to properly argue for the suppression of evidence at trial.

Skinner's sixth claim involves whether his trial counsel properly moved to suppress evidence obtained through execution of an allegedly unlawful search warrant. Skinner acknowledges that defense counsel did move at trial to suppress the evidence, but argues that the motion was denied because defense counsel did not make a specific argument which Skinner now submits would have prevailed.

According to Skinner, trial counsel should have argued specifically that the search of his property was illegal because "(A) the location was not specifically identified [in the warrant] and thus violat[ed] the particularity requirement of the Fourth Amendment; (B) a single warrant allowing search of an entire subdivision was beyond the scope of the Fourth Amendment; (C) there

was no probable cause for any specific location in the subdivision;

[and] (D) the 'good faith exception' of <u>United States v. Leon</u>, 468 U.S. 897, 920-921, 82 L. Ed. 2d 677, 104 S. Ct. 3405 (1984) does and did not apply." (Skinner's Mot. to Vacate Sentence at p. 53.) Skinner's alleged search warrant deficiencies are based on the fact that the property in question includes multiple dwellings adjoined by a single driveway and that said driveway services several addresses.

To clarify, Skinner's argument is that, although his trial counsel moved to suppress the evidence gained through execution of the search warrant, counsel did not make the <u>correct</u> argument for suppression. As with Skinner's previous claims, since <u>Strickland</u> applies, the Court considers whether Skinner has shown (1) deficient performance by counsel and (2) prejudice to his defense. <u>Little v. Johnson</u>, 162 F.3d 855, 860 (5th Cir. 1998) (citing <u>Strickland</u>, 466 U.S. at 668). The Court examines whether Skinner has met these requirements. In doing so, the Court considers in turn each of Skinner's alternative arguments.

The Court first considers Skinner's argument that the search of his camper trailer exceeded the scope authorized by the warrant because the trailer was blocked to vehicle access by a locked cable across the road and was inside a locked, gated fence. The Court has reviewed the language of the search warrant and finds that the description of the property to be searched expressly includes "a

camper type trailer which is parked in the woods be hind [sic] the residence." (Skinner's Mot. to Vacate Sentence Ex. 32.) Accordingly, this argument lacks merit and it cannot be said that Skinner's counsel's performance was deficient for failure to make it at trial. Furthermore, because this position was untenable at trial, Skinner also has failed to show that he was prejudiced by counsel's failure to make such an argument.

Skinner also asserts that his trial counsel should have argued that the application for the warrant lacked sufficient probable cause and that the good faith exception did not apply. As the Fifth Circuit Court of Appeals recognized on Skinner's direct appeal, "[i]f the good-faith exception applies, it is unnecessary to address the probable cause issue." United States v. Skinner, 2005 WL 1287056 (5th Cir. June 1, 2005) (citing United States v. Satterwhite, 980 F.2d 317, 320 (5th Cir. 1992)). As such, before examining probable cause, the Court looks at whether the good faith exception applies to the search warrant in this case.

The Supreme Court held in United States v. Leon, 468 U.S. 897 (1984), that a search warrant is admissible, even if the affidavit upon which the search warrant is based is later found to lack sufficient probable cause, if the officers who execute the search warrant do so with an objective, good-faith reliance that it is valid. Satterwhite, 980 F.2d at 320. The good faith exception is ineffective "where the warrant is based on an affidavit so lacking

in indicia of probable cause as to render official belief in its existence entirely unreasonable." Id. (internal quotation marks omitted). However, "[w]hen a warrant is supported by more than a 'bare bones' affidavit, officers may rely in good faith on the warrant's validity." Id. (quoting United States v. Pigrum, 922 F.2d 249, 252 (5th Cir.), cert. denied, 500 U.S. 936, 111 S.Ct. 2064, 114 L.Ed.2d 468 (1991)). A "bare bones affidavit" is one which contains "'wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause.'" United States v. Gunn, 49 F.3d 728 (5th Cir. 1995) (unpublished) (quoting Satterwhite, 980 F.2d at 321).

The Court has reviewed the affidavit in this case and finds that it contains "sufficient indicia of probable cause" such that the good faith exception applies.[4] Id. The affiant, Agent John Hawkins, specifically described in the affidavit that: (1) he was well-trained as a narcotics agent; (2) that a search of the trash on the roadside at Skinner's address contained specific precursors of methamphetamine, namely starting fluid and lithium battery casings; and (3) that those precursors showed evidence that they had been used for methamphetamine production. The affidavit also

---

[4] On direct appeal, the Fifth Circuit concluded , as this Court does now, that "Skinner fails to show that the warrant application so misled the issuing magistrate that the Government was not entitled to rely on the good faith exception to the exclusionary rule." Skinner, 2005 WL 1287056 (citing Leon, 468 U.S. at 923, 104 S.Ct. 3405).

specifically requested inclusion of the camper trailer in the search warrant. An affidavit as detailed as the one on which the search warrant in question was based can hardly be said to be "bare bones."

Skinner nevertheless argues that the good faith exception does not apply because Agent Hawkins intentionally misrepresented facts in the affidavit. Specifically, Skinner contends that Agent Hawkins failed to disclose to the Magistrate Judge that the gravel road by which the trash containing the precursors was found serviced four separate residences, including the camper trailer. Had the Magistrate Judge had this information, Skinner argues, no search warrant would have been issued because there would have been no way to determine which residence was linked to the trash. "To prevail in this argument [Skinner] must make a substantial showing that the affiant made the statement, or omission, knowingly or with reckless disregard for the truth." United States v. Benbrook, 40 F.3d 88, 92 (5th Cir. 1994). This, Skinner has not done. Skinner attempts to characterize Agent Hawkins' description of the property as intentionally vague and misleading. The affidavit, however, goes to great lengths to describe the property in detail. Agent Hawkins specifically describes the property to include a gravel road leading to a house and a camper trailer. The affidavit includes the fact that the mailbox in front of the house has two addresses, 15376 and 15380 Big John Road, Biloxi, Mississippi.

Furthermore, the affidavit indicates that the residence is bordered by other homes. The Court does not find this detailed description to be inaccurate or misleading. However, even assuming that Agent Hawkins did not provide a pluperfect description, Skinner has not shown that an inadequacy was made "knowingly or with reckless disregard for the truth." <u>Id</u>.

In sum, since the aforementioned arguments would not have resulted in suppression of any of the evidence against Skinner, the Court finds that Skinner has failed to show that counsel's decision not to raise those arguments at trial prejudiced his defense. Without meeting the prejudice requirement, Skinner's sixth claim of ineffective assistance of counsel also fails.

7. Counsel's failure to investigate or present exculpatory evidence and failure to object to admission of unlawful evidence by the prosecution at trial.

These arguments once again raise the issue of the medical records addressed in Skinner's first and third claims of ineffective assistance of counsel. As with the earlier-addressed claims, since the Court has determined that the medical records are immaterial to the crimes of which Skinner was convicted, his ineffective assistance claims as to this issue fails.

8. Counsel's failure to present the strongest issues on direct appeal.

In a very conclusory fashion, Skinner asserts that he did not receive effective assistance on appeal because "[c]ounsel unprofessionally failed to investigate or present the strongest

issues available to Mr. Skinner for his direct appeal." (Skinner's § 2255 Mot. at p. 55.) The Court has addressed each of the arguments Skinner contends his counsel should have raised on direct appeal and has found that counsel's decision not to address each of those issues does not amount to ineffective assistance under Strickland. Accord Ellis v. Lynaugh, 873 F.2d 830, 840 (5th Cir. 1989) (citing Jones v. Barnes, 463 U.S. 745, 751 (1983) ("The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal."). Accordingly, this claim is without merit. Id.

9. The fact that trial counsel handled Skinner's case despite an actual conflict of interest constitutes ineffective assistance.

Next, Skinner alleges that his trial counsel acted ineffectively by "labor[ing] under an actual conflict of interest which adversely affected their performance during pretrial, trial, sentencing, and direct appeal process in this case." (Skinner's § 2255 Mot. at p. 55.) Skinner does not provide any support for this alleged conflict of interest; he merely claims that his counsel owed a duty to someone other than him. This conclusory allegation is insufficient to establish ineffective assistance of counsel based on a conflict of interest. See Cuyler v. Sullivan, 466 U.S. 335, 350 (1980) ("[U]ntil a defendant shows that this counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance.").

25

10.  The cumulative impact of all alleged instances of ineffective assistance prejudiced Skinner.

Skinner's final claim under this section is that his trial counsel's cumulative errors entitle him to relief for ineffective assistance of counsel.  A defendant's claim of cumulative error may afford him relief, if those errors "'amount to "the failure to observe that fundamental fairness essential to the very concept of justice,"' and they are '"of such quality as necessarily prevent a fair trial."'" Cannady v. Dretke, 2006 WL 752130 (5th Cir. 2006) (citations omitted).  As set forth above, the Court finds that none of Skinner's individual ineffective assistance of counsel claims have merit.  Therefore, his claim of cumulative error also fails. See United States v. Tremelling, 43 F.3d 148, 153 (5th Cir. 1995) (citing United States v. McCarty, 36 F.3d 1349, 1359-60 (5th Cir. 1994)).

Skinner's motion and memoranda also make other conclusory allegations of ineffective assistance of counsel for counsel's failure to move for dismissal of the indictment, failure to investigate exculpatory evidence, failure to challenge the conspiracy conviction, failure to object to jury instructions and failure to object to the government's closing argument.  None of these allegations are supported by specific assertions of fact.  Neither does Skinner offer any case law supporting his claims.  Accordingly, the Court finds these various allegations to be without merit.

## B. Fifth Amendment Claims

1. Skinner was denied due process of law as a result of the government's failure to disclose the medical records of Agents Bordages and Shows.

Skinner claims that his due process rights were violated by the government's failure to disclose the medical records of Agents Bordages and Shows which, Skinner contends, would have proven that they were not struck by fire from the shotgun trap set on Skinner's property. It is undisputed that Skinner did not raise this issue on direct appeal. Therefore, since the government has properly raised the procedural bar, Skinner has waived the issue for a collateral attack "unless there is cause for the default and prejudice as a result." United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000) (citations omitted). Skinner argues that there has been no waiver of his due process claim based on the government's failure to disclose the medical records because the factual basis for the claim was undiscoverable until after exhaustion of his direct appeal. Specifically, Skinner argues that, although he diligently attempted to obtain the agents' medical records throughout the trial, he only finally received some limited information through the Freedom of Information Act (FOIA) on June 5, 2006. Because the Court concludes that Skinner's due process claim fails on the merits, it assumes, without so deciding, that Skinner has not waived the claim.

In Brady v. Maryland, 373 U.S. 83 (1963), the United States

27

Supreme Court ruled that "suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or punishment." This rule of disclosure applies not only to direct exculpatory evidence, but also to evidence that impeaches the prosecution's witnesses. <u>United States v. Bagley</u>, 473 U.S. 667 (1985). It is important to note, however, that not every failure to disclose entitles the defendant to relief under § 2255. Under <u>Brady</u>, evidence is material and must be disclosed if it "impeaches the testimony of a witness where the reliability or credibility of that witness may be determinative of guilt or innocence." <u>Porretto v. Stalder</u>, 834 F.2d 461 (5th Cir. 1987). The Court heretofore has concluded that the medical records, even if they include the impeachment information that Skinner claims they do, are not material to his guilt or innocence of the crimes for which he was convicted. This portion of Skinner's motion is denied.

2. Skinner was denied due process of law because the trial court lacked knowledge of the available range of sentencing discretion under applicable law.

Skinner also claims that his due process rights were violated at sentencing "because the judge lacked knowledge of the available range of sentencing discretion under the applicable law." (Skinner's § 2255 Mot. at p. 56.) More clearly, Skinner's argument is that his sentence should be vacated in light of <u>United States v. Booker</u>, 543 U.S. 220 (2005), which determined that the United

States Sentencing Guidelines were not mandatory but were advisory. In order to show that he is entitled to relief, Skinner must demonstrate "that he would have received a different sentence had he been sentenced under the Booker advisory Guidelines regime rather than the pre-Booker mandatory regime. United States v. Skinner, 2005 WL 1287056 (5th Cir. 2005) (unpublished) (citing United States v. Mares, 402 F.3d 511, 522 (5th Cir. 2005), cert. denied, 546 U.S. 828 (2005)). As is discussed herein above, in light of the gravity of Skinner's offenses and the impact of such drug-related offenses on the victims, it is extremely unlikely that the Court would have granted a motion for downward departure at sentencing. The same considerations are appropriate here, and the Court finds that Skinner cannot show that he would have received a lower sentence had the Booker decision been in place at the time of his sentencing.

## C. Request for Discovery

Skinner has asked the Court to grant him permission to conduct discovery in this matter. First, Skinner asks for permission to depose his prior trial counsel, counsel for the government, and two Task Force Agents involved in the case. Additionally, Skinner asks the Court to order the government to disclose the medical records of the two agents.

"A habeas petitioner may 'invoke the process of discovery available under the Federal Rules of Civil Procedure if, and to the

extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.'" <u>United States v. Webster</u>, 392 F.3d 787, 801 (5th Cir. 2004) (quoting <u>Rector v. Johnson</u>, 120 F.3d 551, 562 (5th Cir. 1997)); <u>see also Bracy v. Gramley</u>, 520 U.S. 899 (1997). The Court has considered Skinner's request for discovery in this case and does not find that good cause exists to allow discovery.

### D. *Motion for Evidentiary Hearing*

Skinner has also made a request for an evidentiary hearing. "A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." <u>United States v. Bartholomew</u>, 974 F.2d 39, 41 (5th Cir. 1992) (citing <u>United States v. Auten</u>, 632 F.2d 478 (5th Cir. 1980)). Since the Court concludes that Skinner's motion, the files, and the records in this case clearly show that Skinner is not entitled to relief, Skinner's request for an evidentiary hearing is denied.

### E. *Motion to Quash*

Finally, Skinner moves to quash the superseding indictment in his case. According to Skinner, the Court lacked jurisdiction to impose a sentence on him because there is no evidence in the record that the indictment was returned in open court. He bases his argument on Federal Rule of Criminal Procedure 12(b)(3) which reads, in pertinent part, as follows:

> The following must be raised before trial: ... a motion
> alleging a defect in the indictment or information--but
> at any time while the case is pending, the court may hear
> a claim that the indictment or information fails to
> invoke the court's jurisdiction or to state an offense.

FED. R. CRIM. P. 12(b)(3)(B).  Skinner contends that this rule permits him to bring his motion to quash despite the fact that no objection to the indictment was ever made at trial.

Skinner relies upon the wrong subsection of Rule 12.  His claim that the indictment was not returned in open court is not a jurisdictional claim, but rather is a claim "alleging a defect in instituting the prosecution."  FED. R. CRIM. P. 12(b)(3)(A).  See also United States v. Kahlon, 38 F.3d 467, 469 (9th Cir. 1994) (citing Notes of Advisory Committee on the Criminal Rules to Rule 12).  Such claims must be raised in a motion before trial or they are waived.  Since Skinner never objected to the indictment at trial on the basis that it was not returned in open court, he may not now raise the issue.  FED. R. CRIM. P. 12(e).

In sum, after thorough review of the briefs filed and evidence submitted by Skinner, the Court does not find merit in his claims.  Accordingly,

**IT IS HEREBY ORDERED** that the petitioner's Motion to Vacate under 28 U.S.C. § 2255 [docket entry no. 153] is **DENIED**.

**IT IS FURTHER ORDERED** that the petitioner's Motion for Discovery [docket entry no. 162] is **DENIED**.

**IT IS FURTHER ORDERED** that the petitioner's second Motion for

Leave to Conduct Discovery [docket entry no. 168] is **DENIED**.

**IT IS FURTHER ORDERED** that the petitioner's Motion to Quash Indictment/Information [docket entry no. 177] is **DENIED**.

**IT IS FURTHER ORDERED** that the petitioner's Motion to Vacate Convictions and/or Sentences [docket entry no. 170] is **DENIED AS MOOT**. Although, docket entry no. 170 is docketed as a motion, it is actually an Addendum in Reply to Government's Response which does not require a ruling from the Court.

**SO ORDERED**, this the 9th day of July 2009.

____s/ David Bramlette____

UNITED STATES DISTRICT JUDGE
